```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JEFFREY TAYLOR,

        Plaintiff,

v.                                  Case No: 2:14-cv-555-FtM-29DNF

TRACTOR SUPPLY COMPANY,

        Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Remand to State Court (Doc. #6) filed on October 2, 2014. Defendant filed a Response to Plaintiff's Motion to Remand (Doc. #8) on October 10, 2014. Plaintiff argues that the removal is untimely from the initial pleading, and further argues that defendant may not file a second removal on the same grounds as a prior removal. The motion is due to be denied.

**1. Prior Removal**

On March 24, 2014, Tractor Supply Company (Tractor Supply) filed a Notice of Removal in Case No. 2:14-cv-169-FTM-38DNF removing a case from the Twentieth Judicial Circuit Court, in and for Charlotte County, on the basis of diversity. Defendant removed the case on the "assumption that Plaintiff is a resident of the state of Florida", and by suggesting that the allegations

in the Complaint could support a finding that the amount in controversy would exceed $75,000, but that requests for admissions be allowed to support the allegation. (2:14-cv-169, Doc. #1, ¶¶ 9, 14.) Defendant was unable to show why the case should not be remanded for lack of subject-matter jurisdiction, both for the failure to support plaintiff's place of domicile and because the amount in controversy was not supported, and on June 11, 2014, the case was remanded to state court. (Id., ¶ 18.)

  **2. Current Removal**

The case was removed for a second time, again based on diversity of citizenship between the parties. The Amended Notice of Removal (Doc. #1) alleges that plaintiff's permanent residence is now established in the State of Florida by way of plaintiff's Answers to Defendant's Second Set of Interrogatories. (Doc. #1, ¶ 11.) Defendant otherwise states that its citizenship is that of Delaware and Tennessee. (Id., ¶ 12.) Therefore, the parties are now established to be diverse in their citizenship.

As to the amount in controversy, on August 27, 2014, in response to a Third Request for Admission that the amount in controversy is less than $75,000, plaintiff simply responded "Denied." (Doc. #1, ¶¶ 14-15.) Defendant filed the Amended Notice of Removal on September 22, 2014, within 30 days of the Response to defendant's Third Request for Admission, alleging that

the amount in controversy could now be shown to meet the requisite $75,000. Defendant alleges that plaintiff's denial to "the amount in controversy in this matter is less than $75,000", coupled with the allegations in the Complaint of bodily injury, permanent aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care and treatment, are sufficient to support the amount in controversy. (Doc. #1, ¶ 14; Doc. #2, ¶ 11.) Although the Answer to the Third Request for Admission alone is insufficient (the amount in controversy must <u>exceed</u> $75,000), the Court agrees the admission and the allegations in the Complaint viewed in their entirety satisfy the jurisdictional amount.

**3. Timeliness**

Under Section 1446(b), a notice of removal must be filed within 30 days of the receipt by defendant of the initial pleading if the case is removable at the time. 28 U.S.C. § 1446(b)(1). If the case is not removable at the time of the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Court rejects plaintiff's argument

that the removal is untimely. Removal was not proper based on the initial Complaint, but removal may also be timely within 30 days of "other paper" establishing the basis for removal. Defendant removed within 30 days of discovery responses supporting subject-matter jurisdiction. Therefore, the removal was timely made.

**4. Successive Removal**

Plaintiff relies upon one line in a non-binding case, Sibilia v. Makita Corp., 782 F. Supp. 2d 1329, 1330-1331 (M.D. Fla. 2010). In Sibila, the Court stated: "Plaintiff, however, is correct that 'a party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit. . . .'" Sibilia v. Makita Corp., 782 F. Supp. 2d 1329, 1330-31 (M.D. Fla. 2010) (citing St. Paul & C. Railway Co. v. McLean, 108 U.S. 212, 217 (1883)). Plaintiff fails to note, however, that the very next line states: "But this language does not prevent successive removals provided that the subsequent removal petition alleges a different factual basis for seeking removal and otherwise meets the requirements of section 1446(b)." Id. at 1331 (citations omitted). In this case, defendant removed the case after discovery and upon review of "other paper". Therefore, the second removal was not prohibited.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Remand to State Court (Doc. #6) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of October, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record